Filed 12/10/25

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338040 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CJCF00059) |
| v. | |
| DUSTIN JAMES KINNEAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge. Affirmed in part, reversed in part, and remanded with directions.

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

_____

Dustin James Kinnear appeals from a judgment of conviction entered after a jury found him guilty of making criminal threats against a hotel manager, Niaz Kyoom. Kinnear

contends the trial court erred by imposing the upper term for the offense and sentencing him as a second-strike offender under the three strikes law,[1] because the court failed to advise Kinnear of his right to a jury trial before accepting his stipulation to the alleged prior conviction and aggravating factors.  We agree that Kinnear was not advised of his right to a jury trial and, under the totality of the circumstances, he did not provide a knowing and voluntary waiver of his rights.

It is long-established that, before taking a guilty plea to a criminal offense, the trial court must advise the defendant of his or her constitutional rights and elicit a personal waiver of those rights.  In 1974 the Supreme Court in *In re Yurko* (1974) 10 Cal.3d 857, 865 (*Yurko*) applied the same requirements for an advisement and waiver to a defendant's admission of a prior conviction.  The *Yurko* court also required the trial court advise the defendant of the penal consequences of admitting the prior conviction.

Effective January 1, 2022, the Legislature amended Penal Code section 1170, subdivision (b),[2] to require that "circumstances in aggravation" other than a prior conviction be found true by a jury before the court may impose the upper term as part of a sentence, absent a stipulation by the defendant. Because the amendment was enacted to comply with the Sixth Amendment to the United States Constitution in accordance with *Cunningham v. California* (2007) 549 U.S. 270, 274-275 (*Cunningham*) (requiring any fact relied on to impose a greater

---

[1]     Pen. Code, §§ 667, subds. (b)-(i); 1170.12.

[2]     Further statutory references are to the Penal Code.

2

sentence be found true by a jury or admitted by the defendant), the same advisement and waiver requirements under *Yurko* apply to a defendant's stipulation to aggravating factors.

We affirm the conviction, but because the trial court's error in failing to advise Kinnear of his constitutional rights and the penal consequences of his stipulation was prejudicial, we vacate the sentence and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Information and* Romero *Motion*

The information filed on January 31, 2024 charged Kinnear with assault with a deadly weapon (§ 245, subd. (a)(1); count 1) and making criminal threats (§ 422, subd. (a); count 2). The information alleged Kinnear had suffered two serious or violent felony convictions within the meaning of the three strikes law. The information also alleged as aggravating factors that Kinnear had served a prior term in prison or county jail pursuant to section 1170, subdivision (h) (Cal. Rules of Court, rule 4.421(b)(3))[3] and that Kinnear had committed the charged offenses while on probation, mandatory supervision, postrelease community supervision, or parole (rule 4.421(b)(4)).

Prior to trial, Kinnear filed a motion pursuant to *People v. Romero* (1996) 13 Cal.4th 497, requesting the court exercise its discretion to dismiss one of his two alleged prior strike

---

[3]     California Rules of Court, rule 4.421 lists "factors relating to the crime and factors relating to the defendant" that constitute "[c]ircumstances in aggravation." For consistency, we use the term "aggravating factors." Further references to rules are to the California Rules of Court.

3

convictions.  The trial court denied the motion, but the court subsequently granted the People's motion to dismiss one of the alleged strike convictions on the basis it did not qualify as a strike under the three strikes law.

B.    *The Evidence at Trial*

In January 2024 Kinnear was residing in a hotel operated by the Department of Mental Health.  Kyoom was the general manager of the hotel and delivered meals to the residents.  On January 21, 2024 Kyoom entered Kinnear's room to deliver his daily meal.  No one was there, so Kyoom left the meal in Kinnear's room.  Kinnear later learned Kyoom had entered his room, and he believed Kyoom had stolen from him.  He went to Kyoom's office to accuse Kyoom of theft.  After an argument, Kinnear left, returned to the office, and threatened Kyoom while holding a knife.

C.    *The Jury Waiver and Admission of the Prior Strike*
      *Conviction and Aggravating Factors*

Prior to trial, the trial court granted Kinnear's motion to bifurcate trial on the alleged prior strike and aggravating factors.  After the prosecution rested its case, the prosecutor raised the issue of the bifurcated trial.  The prosecutor stated, "It is my understanding counsel's client wants to stipulate to the priors and the aggravating factors."  In response, the trial court addressed Kinnear, stating, "Sir, if you are found guilty in this case, there are certain things being alleged in this case.  One is that you did suffer a prior strike conviction in the year 2014 for a violation of Penal Code section 192(a) which is the crime of manslaughter.  It is also alleged, sir, there are aggravating

4

factors which could make your sentence longer.  One, that you served a prior term in prison pursuant to California Rules of Court 4.421(b)(3), and at the time of this offense you were on supervision or parole pursuant to 4.421(b)(3).  Do you now stipulate or agree that you suffered the prior strike and the aggravating factors are, in fact, true?"  Kinnear replied, "Yes, sir."

D.     *The Verdict and Sentencing*

The jury found Kinnear guilty on count 2 of making criminal threats.  However, the jury was unable to reach a unanimous verdict on count 1 for assault with a deadly weapon, and the trial court declared a mistrial on that count.

At the sentencing hearing, the trial court stated, "At a previous court date Mr. Kinnear . . . admitted he suffered a prior strike conviction. . . .  Mr. Kinnear also admitted he is subject to a[n] aggravating circumstance enhancement pursuant to [rule] 4.421(b)(3), and also as to [rule] 4.421(b)(4)."  After hearing argument, the court imposed the upper term of three years for making criminal threats, doubled under the three strikes law, for a total of six years in state prison.  Kinnear timely appealed.

## DISCUSSION

A.     *The Trial Court Erred in Sentencing Kinnear as a Second-strike Offender Based on Kinnear's Stipulation to a Prior Conviction*

1.     *Governing law and standard of review*

When a criminal defendant enters a guilty plea, the trial court must ensure that the plea is knowing and voluntary.

(*Boykin v. Alabama* (1969) 395 U.S. 238, 243-244; *People v. Cross* (2015) 61 Cal.4th 164, 170 (*Cross*).)  Prior to acceptance of a guilty plea, courts must advise the defendant of "three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers—and solicit a personal waiver of each." (*Cross*, at p. 170, citing *Boykin,* at pp. 243-244 and *In re Tahl* (1969) 1 Cal.3d 122, 130-133, overruled on other grounds in *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.)  The advisements are commonly referred to as the *Boykin-Tahl* advisements. (*Cross*, at p. 179.)  "Proper advisement and waiver of these rights, conducted with 'the utmost solicitude of which courts are capable' are necessary 'to make sure [the accused] has a full understanding of what the plea connotes and of its consequences.'" (*Id.* at p. 170.)

The Supreme Court in *Yurko, supra*, 10 Cal.3d at page 865 extended the requirement that a trial court provide *Boykin-Tahl* advisements to a defendant's admission of a prior conviction.  The court in *Yurko* explained, "*Boykin* and *Tahl* require, before a court accepts an accused's admission that he has suffered prior felony convictions, express and specific admonitions as to the constitutional rights waived by an admission.  The accused must be told that an admission of the truth of an allegation of prior convictions waives, as to the finding that he has indeed suffered such convictions, the same constitutional rights waived as to a finding of guilt in case of a guilty plea." (*Yurko*, at p. 863; accord, *Cross, supra*, 61 Cal.4th at p. 170.)  In addition, the defendant "must also be advised of 'the full penal effect of a finding of the truth of an allegation of prior convictions.'" (*Cross*, at p. 170; accord, *Yurko*, at p. 863 [defendant must be advised "of the

6

precise increase in the term or terms which might be imposed if any [and] of the effect of any increased term or terms of imprisonment on the accused's eligibility for parole"].)  Further, advisement of a defendant's constitutional rights and penal consequences and waiver of those rights must be explicitly reflected in the record, showing the defendant's admission was "knowingly and voluntarily made." (*Yurko*, at p. 865.)  A trial court's failure to properly advise a defendant of his or her constitutional rights and penal consequences before accepting a stipulation to the truth of an alleged prior conviction is reversible error unless the record affirmatively shows the admission was knowing and voluntary under the totality of the circumstances. (*Cross, supra*, 61 Cal.4th at p. 171; accord, *People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).)

In applying the totality of the circumstances test, courts have distinguished between silent-record cases, where no express advisement of *Boykin-Tahl* rights was given, and incomplete-advisement cases, where advisement of some constitutional rights is given or where the defendant was previously advised of his or her rights.  (*Mosby, supra*, 33 Cal.4th at pp. 361-364.) Although courts apply the totality of the circumstances test in both types of cases, silent-record cases face "their own practical hurdle" because "[t]he failure to advise a defendant of *any* trial rights will make it much harder to demonstrate a [stipulation] was properly accepted." (*People v. Farwell* (2018) 5 Cal.5th 295, 303, 306.)

### 2. *The Record Does Not Establish That Kinnear's Stipulation to the Prior Conviction Was Knowing and Voluntary*

Kinnear contends the trial court erred by failing to advise him of his right to a jury trial before accepting his admission of the prior strike conviction, and the error was prejudicial because under the totality of the circumstances his waiver of his jury trial rights was not knowing and voluntary. Kinnear is correct on both points.

As discussed, at the conclusion of the prosecution's case, the prosecutor stated his understanding that Kinnear intended to stipulate to his prior conviction. The trial court explained to Kinnear that he would be stipulating to a prior strike conviction from 2014 for the crime of manslaughter, in violation of section 192, subdivision (a). The court did not advise Kinnear of his right to a jury trial on the prior conviction or the penal consequences of his plea. In light of the silent record and lack of anything in the record to show Kinnear was aware of his right to a jury trial and penal consequences of the stipulation, under the totality of the circumstances Kinnear did not provide a knowing and voluntary waiver of his rights.

The Supreme Court's decision in *Cross* is instructive. In *Cross*, as here, the trial court accepted the defendant's stipulation to a prior felony conviction without the court first advising him of any *Boykin-Tahl* rights or the penal consequences of admitting a prior conviction, and without eliciting a waiver of those rights. (*Cross, supra*, 61 Cal.4th at p. 168.) The jury convicted Cross of the underlying offense, and the court sentenced Cross to the maximum term of five years. (*Ibid.*) The Supreme Court held the stipulation must be set aside because "nothing in the record

8

affirmatively shows that Cross was aware of his right to a fair determination of the truth of the prior conviction allegation." (*Id.* at p. 180.)  To the contrary, "[a]fter counsel read the stipulation in open court, the trial court immediately accepted it.  The court did not ask whether Cross had discussed the stipulation with his lawyer; nor did it ask any questions of Cross personally or in any way inform him of his right to a fair determination of the prior conviction allegation." (*Ibid.*)  Further, the record contained no information on how Cross's alleged prior conviction was obtained (for example, whether he entered a plea after being advised of his rights).  (*Ibid.*)

The Attorney General contends the trial court's error in accepting Kinnear's stipulation was harmless because the totality of the circumstances shows Kinnear understood his rights and waived them knowingly and voluntarily.  The Attorney General points to the prosecution's statement on the record that Kinnear could "proceed by a court trial or stipulation" and argues this statement affirmatively established that Kinnear understood he had the option to have a trial on the prior conviction allegation or to stipulate to it.  But the fact Kinnear was aware of his right to a court trial does not show he was aware of his right to a jury trial.

The Attorney General also contends that, similar to the defendant in *Mosby*, *supra*, 33 Cal.4th 353, we can infer Kinnear's waiver was knowing and voluntary because he had just been tried by a jury, was informed of his right to testify (which he declined to do), and exercised his right to cross-examine witnesses.  The Attorney General's reliance on *Mosby* is misplaced.  In that case, the trial court advised the defendant that if he admitted to the prior conviction, he would be ineligible for probation, and the defendant confirmed he understood.  (*Id.* at

9

pp. 357-358.) The court then stated, "You are entitled to have this jury, if they should find you guilty, you're entitled to have this jury determine the truth of the allegation that you suffered this prior felony conviction. Do you understand that?" (*Id*. at p. 358.) The defendant said yes, and the court asked, "Do you waive and give up your right to have this jury make a determination as to whether you suffered such a prior conviction?" The defendant again answered yes. (*Ibid*.)

On those facts, the Supreme Court found the advisement was adequate notwithstanding the lack of a specific advisement that the defendant had the right to remain silent and to confront witnesses, reasoning that where a defendant had just finished a jury trial and was advised he had a right to a jury trial on the prior conviction allegation, it would "'exalt a formula (*Boykin-Tahl*)' over the very standard that the formula is supposed to serve" to conclude the defendant did not understand he was surrendering all the protections of a jury trial. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) Here, as discussed, Kinnear was never advised of his right to a jury trial on the alleged prior conviction.

Finally, the Attorney General argues that Kinnear had extensive experience with the criminal justice system, including a prior sentence that likely involved a finding he had suffered a prior conviction (because the sentence was one year higher than the statutory maximum for the offense). Thus, the Attorney General argues, Kinnear "would have been well aware that he had a right to a trial on the prior allegations." It is true that in applying the totality of the circumstances test, "'previous experience in the criminal justice system is relevant to a recidivist's "'knowledge and sophistication regarding his [legal] rights."'"" (*Cross, supra*, 61 Cal.4th at p. 180; accord, *Mosby,*

10

*supra*, 33 Cal.4th at p. 365.) However, a defendant's previous experience in the criminal justice system is only relevant where it can be reasonably inferred from the record that the defendant was adequately advised of his rights in a prior proceeding. (See *People v. Christian* (2005) 125 Cal.App.4th 688, 697-698 ["Given the lack of information regarding appellant's prior convictions, the significant gap [in time], and the lack of other facts demonstrating an awareness and comprehension of his constitutional rights, we cannot infer that appellant's prior experience in the criminal justice system demonstrated his present knowledge and understanding of his rights."].) As discussed, the record does not reflect whether Kinnear had in another case admitted he suffered a prior conviction, and if so, whether he was advised of his right to a jury trial on the alleged prior.

B.  *The Trial Court Erred in Imposing the Upper Term Based on Kinnear's Stipulation to Aggravating Factors*

The Sixth Amendment right to a jury trial prohibits a court from imposing a greater sentence "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (*Cunningham, supra*, 549 U.S. at pp. 274-275; accord, *People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*); *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.) Thus, a trial court may not impose an upper-term sentence if "none of the aggravating factors on which the court relied to impose them had been found true by the jury or admitted by [defendant]." (*People v. Myles* (2012) 53 Cal.4th 1181, 1220.)

11

The Legislature amended section 1170, subdivision (b), effective January 1, 2022, to conform with *Cunningham*'s interpretation of the Sixth Amendment by requiring that aggravating factors (other than prior convictions) be found true by a jury absent a stipulation by a defendant. (*Lynch, supra*, 16 Cal.5th at p. 768.) Section 1170, subdivision (b), now provides that where a statute specifies three possible prison terms, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[4] (§ 1170, subd. (b)(2).) The Supreme Court in *Lynch* clarified that section 1170, subdivision (b), "operates in such a manner as to trigger the Sixth Amendment jury trial right with respect to every aggravating fact (other than a prior conviction) the trial court uses to justify an upper term sentence." (*Lynch*, at p. 768.)

---

[4] Section 1170, subdivision (b)(3), provides an exception for consideration of a defendant's prior convictions "based on a certified record of conviction without submitting the prior convictions to a jury." Although one of the aggravating factors alleged here is that Kinnear served a prior term in prison, even if the exception under subdivision (b)(3) applied, the trial court did not submit a certified record of conviction on which the court could base its finding the allegation was true.

12

In light of a defendant's Sixth Amendment right to a jury trial on alleged aggravating factors to support imposition of an upper-term sentence, we conclude the same requirements for advisement and waiver of a defendant's constitutional rights and penal consequences that apply to a defendant's stipulation to a prior conviction apply to a stipulation to aggravating factors. (Cf. *People v. French* (2008) 43 Cal.4th 36, 47 [right to a jury trial on sentence enhancement that increases sentence for sex offenses committed against more than one victim "is guaranteed by the federal Constitution," and therefore, there must be "an express waiver even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant—assumed that the defendant had waived or intended to waive the right to a jury trial"].) Accordingly, given the absence of anything in the record to show Kinnear was aware of his right to a jury trial (and the penal consequences of the stipulation) with respect to the alleged aggravating factors, Kinnear's stipulation was not knowing and voluntary.

C.    *Remand For Resentencing Is Necessary*

Because the record does not affirmatively show Kinnear made a knowing and voluntary waiver of his right to a jury trial on his alleged prior conviction under the totality of the circumstances, the trial court's error in accepting the stipulation was prejudicial, and we reverse the court's true finding on the alleged prior conviction. (*Cross, supra*, 61 Cal.4th at pp. 171, 180.) Likewise, because we cannot find the lack of a valid jury waiver "harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper

term," the court's error in accepting Kinnear's stipulation to the aggravating factors was also prejudicial, and we reverse the court's true findings. (*Lynch, supra*, 16 Cal.5th at p. 776.) Moreover, as the People concede, where the error is prejudicial, ""'[t]he proper remedy for this type of failure of proof . . . is to remand and give the People an opportunity to retry"'" the prior conviction and aggravating factors. (*Ibid.*)

## DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated and the matter remanded for a full resentencing consistent with this opinion, at which the court shall consider all new ameliorative sentencing laws. The People may elect to retry the prior conviction and aggravating circumstance allegations on remand.

FEUER, J.

We concur:

MARTINEZ, P. J.

STONE, J.

14